## R. BUTLER *v.* THE STATE.

7b  35
117  467

CRIMINAL LAW. *Reversible error.* The failure by the court to tell the jury, when not requested to do so, that they are the judges of the law as well as of the facts, is not reversible error. Nor is the failure to instruct them as to what is a reasonable doubt.

### FROM DAVIDSON.

Appeal from the Criminal Court. THOS. N. FRAZIER, Judge.

No brief for Butler.

ATTORNEY-GENERAL HEISKELL for the State.

NICHOLSON, C. J., delivered the opinion of the court.

Robt. Butler was indicted in the Criminal Court of Davidson for stealing ten hogs of the value of thirty-five dollars. He was convicted and sentenced to three years imprisonment in the penitentiary. He has appealed to this court.

The evidence abundantly sustains the verdict of the jury; but exception is taken to the charge of the court. After defining the offense with entire accuracy and clearness, the judge concluded as follows:

"The jury are judges of the proof. If they are satisfied of defendant's guilt beyond a reasonable doubt they should convict; if not, acquit."

1. It is objected that in telling the jury that they are "judges of the proof," the judge may have made the impression on them that they are not also judges of the law, from the fact of his omitting to remind them of their right to judge of the law as well as the facts. If the defendant's counsel had requested the court to charge the jury as to their right to judge of the law, and he had refused, or neglected to do so, it might have misled the jury as to their rights, and, therefore, been erroneous.

But we must presume that all jurors are apprized of their constitutional rights in this regard, and if they did not exercise it, we are to presume it was because they were content with the law as expounded by the court.

2. It is said that it was not enough for the judge to tell the jury that "if they are satisfied of the de-

fendant's guilt beyond a reasonable doubt, they should convict;" that he ought to have explained to the jury what is meant by the term "reasonable doubt." The law imposes no such duty on the judge as that of defining the meaning of these words. It is usual to do so in order that jurors may be guarded against entertaining captious or ill-founded doubts.. The failure to attempt an explanation cannot be complained of by defendant, who sought no explanation, and cannot be presumed to have desired it. We question whether, if the judge had attempted an explanation, he could have given a definition more easily comprehended by the jury than the language used by him. He told them that they must be satisfied of defendant's guilt beyond a reasonable doubt. This was a full compliance with the requirement of the law.

Judgment affirmed.